NO. 07-00-0491-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 18, 2002

_____


DERWIN RENARD MALONE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 338TH DISTRICT COURT OF HARRIS COUNTY;

NO. 829559; HONORABLE ELSA ALCALA, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In two points of error, appellant Derwin Renard Malone challenges the legal and factual sufficiency of the evidence to support his conviction of sexual assault of a child and the resulting punishment of 15 years confinement in the Institutional Division of the Department of Criminal Justice. Finding no reversible error, we affirm the judgment of the trial court.

Because of the nature of appellant's challenge, we must briefly review the relevant evidence. Doris Walker, appellant's ex-wife and the mother of the complainant, testified that she and appellant had a somewhat troubled relationship. They met in July 1995, began living together in the summer of 1996, and married in October 1997. During the period of their relationship, the complainant lived in the house with the couple. Doris said she encouraged appellant to act as a father figure for her minor daughter, including disciplining her, although the girl did not like for appellant to do so. During the period from 1996 until their divorce in 2000, the couple separated three or four times.

When the child was 12, she accused appellant of touching her genitals but, Doris said, she did not know whether to believe her because she thought the girl might simply be seeking more attention from her. After the parties' June 1999 separation, Doris had film developed from a camera which had been used by appellant. Among the resulting photographs, she discovered some nude photographs which, she later discovered, to be of the complainant. She turned the pictures over to the police and notified appellant, who denied any wrongdoing.

When cross-examined, Doris admitted that the child had made false statements in the past, including a report about Doris to the Children's Protective Services. She also admitted that the child would sometimes become very angry at appellant for disciplining her. She also said that appellant had told her she "better watch" the complainant or she would become pregnant. At the time of the trial, the complainant was pregnant by a neighbor.

The complainant testified and admitted her pregnancy and that she had sex with five other boys beginning at age 14. She also averred that her natural father had molested her in 1996. She averred that appellant began "touching" her under her clothes. Doris, learning of these instances from one of the child's friends, confronted appellant about them, but when appellant denied the occasions, Doris told the child she did not believe the accusations. When the complainant was in the seventh or eighth grade, appellant began having sexual intercourse with her. She also averred that the photographs were of her and were taken by appellant with the assurance that they would be destroyed. She also admitted having been untruthful with her mother in the past.

Appellant testified that he had discipline problems with the complainant and had struck her on occasions, but denied he had ever taken the pictures of the complainant or had any sexual activity with her. He averred that his cousin had borrowed the camera in March or May 1999, the cousin had reluctantly admitted he had taken pictures of a nude woman with the camera, and he believed the film in the camera in September was that which had been in the camera when it was used by him.

A man's hand was seen in the photographs and, when questioned about it by the State, appellant denied that it was his hand, because it did not show a tattoo located on his arm. He admitted that a mark in the photograph was similar to a burn mark on his arm. Although he contended that the complainant was not afraid of him, he admitted he had struck her and split her lip sufficiently to require stitches. The defense also called appellant's sister-in-law, who testified that she had heard Doris make some statements that

3

led her to believe that the accusations Doris made were motivated by ill will against appellant.

As we noted initially, appellant challenges both the legal and the factual sufficiency of the evidence to support his conviction. In considering a legal sufficiency challenge, we are required to view the evidence in a light most favorable to the prosecution and then determine if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Clewis v. State*, 922 S.W.2d 128 (Tex.Crim.App. 1996). Suffice it to say, if the evidence is legally insufficient, we must render an acquittal. If the evidence is legally sufficient, we must then determine if it is factually sufficient. *See id*. at 134. In determining the factual sufficiency question, we must view all the evidence without the prism of "in the light most favorable to the prosecution" and only set aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 129.

The gist of appellant's argument under each point is that the complainant's testimony was not credible. However, in a jury trial such as this, the jury is the judge of the facts proved, the credibility of the witnesses, the weight to be given to their testimony, and in performing that function, it may accept or reject all or any part of the testimony. *See Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997). Because the jury has the opportunity to observe the demeanor of the witnesses, we must give a high degree of

deference to the jury's determinations and may only find the evidence factually insufficient to prevent manifest injustice. *Id.*

In his argument, appellant acknowledges the above general rules, but contends "at some point the credibility of the complainant is so undermined that a reviewing court can not have confidence in a verdict supported solely by the witnesses' testimony." In pursuance of his proposition, appellant emphasizes the evidence that Doris was mad at appellant, the complainant had lied about discipline problems at school, and she had not told her mother about the sexual activity.

However, in addition to the complainant's testimony, the jury had the opportunity to examine the photographs, which the complainant unequivocally testified were taken by appellant, as well as her identification of a bracelet shown in the pictures and often worn by appellant. The jury also had the opportunity to examine the picture of the hand of the man involved in the sexual activity pictures that contained a mark similar to that on appellant's hand. The evidence is legally sufficient to sustain the conviction.

In presenting his factual sufficiency challenge, appellant posits that the court's holding in *Clewis* mandates reversal if the verdict is against "the greater weight and preponderance of the evidence." We disagree with that premise. The standard actually articulated in *Clewis* is that we are to "view . . . all the evidence without the prism of 'in the light most favorable to the prosecution' . . .[and] set aside the verdict only if it is so contrary

to the overwhelming weight of the evidence as to be clearly wrong and unjust." 922 S.W.2d at 129.

After his discussion of the *Clewis* requirements, appellant argues that the complainant was not credible and, in support, points to the absence of scientific evidence or the direct testimony of other witnesses concerning the incidents of sexual activity. However, we are mindful that in reviewing the sufficiency of the evidence, we must consider the evidence before us and may not speculate as to evidence not before us and which may not exist. *Chambers v. State*, 711 S.W.2d 240, 245 (Tex.Crim.App. 1986). Appellant's only evidence directly controverting the complainant's testimony is his own testimony denying any sexual activity as well as the taking of the pictures. That testimony only created a conflict for resolution by the jury as the factfinder. We cannot say that their resolution of the relevant facts against appellant was so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Appellant's points of error are overruled and the judgment of the trial court is affirmed.

John T. Boyd
Chief Justice

Do not publish.